AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

Case No. 21-MJ-132

Cicelio Dias a/k/a Cecelio Diaz

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count 1

On or about September 16, 2021, in the Western District of New York, the defendant, **CICELIO DIAS a/k/a Cecelio Diaz**, did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute a quantity of a mixture and substance containing Methamphetamine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

### Count 2

On or about September 16, 2021, in the Western District of New York, the defendant, **CICELIO DIAS a/k/a Cecelio Diaz**, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), committed in the manner set forth in Count 1, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess firearms, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), namely, a loaded Bearman, .22LR caliber, Derringer handgun bearing serial number 132629; a Savage Arms, model 64, .22LR bearing serial number 3308222; and a loaded SCCY, model CPX-2, 9mm pistol with a defaced serial number.

### Count 3

On or about September 16, 2021, in the County of Erie, in the Western District of New York, the defendant **CICELIO DIAS a/k/a Cecelio Diaz**, having been convicted on or about July 8, 1999, December 10, 2002, and October 29, 2014, of crimes punishable by imprisonment for a term exceeding one year, unlawfully did possess, in and affecting commerce, firearms, namely, a loaded Bearman, .22LR caliber, Derringer handgun bearing serial number 132629; a Savage Arms, model 64, .22LR bearing serial number 3308222; and a loaded SCCY, model CPX-2, 9mm pistol with a defaced serial number, in violation of Title 18, United States Code, Sections 922(g)(1).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

BRIAN TUMIEL
SPECIAL AGENT
<u>BUREAU     OF     ALCOHOL,     TOBACCO,
FIREARMS, AND EXPLOSIVES</u>
*Printed name and title*

Sworn to before me and signed telephonically.

Date: <u>September 16, 2021</u>

*H Kenneth Schroeder, Jr*
<u>                                              </u>
*Judge's signature*

City and State: <u>Buffalo, New York</u>

HONORABLE H. KENNETH SCHROEDER, JR.
<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

2

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE          )   SS:
CITY OF BUFFALO       )

### I.   INTRODUCTION

I, Brian Tumiel, affirm to the following facts:

1.      Your affiant, Special Agent Brian Tumiel, is a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), I am assigned to the Buffalo Field Office, New York Field Division. Your affiant has been employed as an ATF Special Agent since July 2001. I am a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia. My primary duties as an ATF Special Agent include investigating violations of federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, as well as the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051. During my time as an ATF Special Agent, I have participated in investigations and the execution of search warrants and arrest warrants where illegally purchased/trafficked firearms, narcotics, electronic scales, packaging materials, cutting agents, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized. During my time as an ATF Special Agent, I have gained experience in debriefing defendants, co-conspirators, and informants who have

been involved in the unlawful purchase/sale/distribution of firearms and narcotics. I have also participated in arrests and debriefed individuals who were arrested for possessing firearms in furtherance of violent and/or drug trafficking crimes.

2. This affidavit is submitted in support of a criminal complaint against CICELIO DIAS, (AKA CECILIO DIAZ) (hereinafter "DIAS"), for violations of Title 21, United States Code, Section 841(a) (possession of a controlled substance with intent to distribute); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and Title 18, United States Code, Section 922(g)(1) (convicted felon in possession of a firearm). The assertions made herein are based solely upon the personal knowledge of your affiant or upon information I have received from this investigation, including various police reports produced in relation to the arrest of the defendant. Further, I have had discussions with other law enforcement agents who have confirmed the accuracy of the information contained within this affidavit. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the defendant committed the above-mentioned offenses. In support thereof, I respectfully state the following:

3. On September 16, 2021, the Buffalo Police Department, with assistance from the ATF and FBI, executed a warrant authorizing the search of 235 Laird Avenue, Lower Apartment, Buffalo, NY. The target of the search warrant was DIAS, who is the resident of 235 Laird Avenue, Lower Apartment. The search warrant was signed by Erie County Court

Judge Kenneth Case on September 13, 2021.

4.  Officers / Agents encountered a number of individuals at the aforementioned apartment at the time the search warrant was executed, including CICELIO DIAS. During the search warrant, a loaded Bearmen, .22LR caliber, Derringer handgun bearing serial number 132629 was recovered from the person of DIAS. Also recovered, was a loaded SCCY, model CPX-2, 9mm pistol with a defaced serial number from the closet in the living room, and a Savage Arms, model 64, .22LR bearing serial number 3308222 recovered from the rear bedroom belonging to DIAS. DIAS identified the right rear bedroom as his bedroom. Located near the rifle in a bin in rear bedroom was a magazine loaded with ammunition that appeared to correspond to the rifle. Multiple rounds of ammunition were also recovered in the rear bedroom. Also recovered in the rear bedroom were large rocks of what appeared to be cocaine and two small baggies of suspected cocaine, a large plastic bag of suspected crack cocaine, and digital scales. Recovered on the living room table, were one bag of what appeared to be methamphetamine (8.5 grams), one bag of suspected heroin (10.28 grams), one bag of suspected crack cocaine (1.04 grams), one bag of suspected cocaine (2.87 grams) and various pills. ATF Task Force Officer Joseph Acquino observed the above listed substances and, based upon his training and experience, believed them to contain the listed narcotics. Also recovered in the rear bedroom was approximately $2937 in US currency and a 1-ounce gold piece of unknown value.

5.  While investigators were searching the residence, DIAS was advised of his Miranda rights by Buffalo Police Detective Anthony Fanara. DIAS was then transported

back to the Buffalo Police Department where he was interviewed by investigators. DIAS stated in sum and substance that the Derringer handgun was his and that he paid $200 for it about one month ago. DIAS further stated that the Savage Arms rifle was his and he paid $75 for it about one year ago. DIAS also admitted that the narcotics in the rear bedroom belonged to him. DIAS denied possession of the SCCY 9mm pistol. DIAS also claimed that the controlled substances in the living room belonged to the group of people who were present at the home when the warrant was being executed but did not belong to him.

6. On September 16, 2021, the three recovered firearms were examined by ATF Special Agent Thomas Galluch, an interstate nexus expert. SA Galluch determined that the three firearms were manufactured outside of the State of New York and therefore travelled in and affected interstate commerce

7. A review of the criminal history of DIAS revealed that he has three prior felony convictions, each of which was punishable by imprisonment for a term exceeding one year. DIAS' convictions are listed as follows:

(1) A July 8, 1999 conviction in Erie County Court for Robbery in the 3rd Degree, a class D Felony;

(2) A December 10, 2002 conviction in Erie County Court for Attempted Criminal Possession of a Controlled Substance in the Fifth Degree, a class E felony;

(3) A October 29, 2014 conviction in Erie County Court for Attempted Forgery in the Second Degree, a class E felony.

8.	Based upon my training and experience, and the training and experience of other law enforcement officers involved in this investigation, individuals, such as DIAS, who are involved in the illegal possession and distribution of controlled substances typically possess and/or maintain ready access to firearms due to the dangers involved in the drug trade. I have been advised that, consistent with my training and experience, the Second Circuit Court of Appeals has consistently recognized that firearms are "tools of the trade" as it relates to illegal drug trafficking. See United States v. Crespo, 834 F.2d 267, 271 (2d Cir. 1987) ("We have often taken judicial notice that, to substantial dealers in narcotics, firearms are as much tools of the trade as are the commonly recognized articles of narcotics paraphernalia."); see also United States v. Reyes, 353 F.3d 148, 154 (2d Cir. 2003) ("We have often recognized that firearms and sharp objects, such as razor blades and hypodermic needles are 'tools of the drug trade' regularly found on narcotics traffickers."); see also United States v. Gaskin, 364 F.3d 438, 457 (2d Cir. 2004) ("[G]uns are tools of the narcotics trade frequently carried by dealers, particularly when they engage in transactions involving guns or money."). The loaded firearms possessed by DIAS were found to be readily accessible, in close proximity to DIAS, his narcotics proceeds, and his controlled substances. Accordingly, I believe the firearms were possessed in furtherance of DIAS'S drug trafficking activities.

9.	Based on the above information, your affiant submits there is probable cause to believe that on September 16, 2021 in the City of Buffalo, County of Erie, Western District of New York, Cicelio DIAZ, violated Title 21, United States Code, Section 841(a) (possession of a controlled substance with intent to distribute); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and Title 18 United

5

States Code Section 922 (g) (1) (Felon in Possession of a Firearm).

_____
Brian Tumiel
Special Agent
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Sworn to and subscribed telephonically
this __16th__ day of September, 2021

_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

6